UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH ANTONETTI,<br><br>　　　　Plaintiff<br><br>v.<br><br>S.L. FOSTER *et al*.<br><br>　　　　Defendants. | Case No. 3:14-cv-495-JAD-VPC<br><br>**Order Denying Motion for Reconsideration and Dismissing and Closing Case**<br><br>[ECF 1, 18, 20] |

  This court has given plaintiff Joseph Antonetti two opportunities—with detailed guidance—to amend his complaint. The court explicitly warned Antonetti that this case would be dismissed if he did not timely file a proper second amended complaint. Instead of revising his complaint to cure the continued problems with his pleading, Antonetti moved for reconsideration of the order directing him to file a second amended complaint. I find that Antonetti has not provided any basis for reconsideration, deny his motion for reconsideration, and dismiss this case because he did not file a properly amended complaint. I grant his application for *in forma pauperis* status, relieving him of the obligation to make an initial installment payment; but Antonetti must still make payments toward the $350 filing fee until it is paid in full.

**A. Motion for Reconsideration [ECF 18]**

  On February 11, 2015, Judge Robert C. Jones issued a screening order dismissing plaintiff's complaint in its entirety, without prejudice, with leave to amend.[1] Plaintiff had filed a 260-page complaint suing 73 defendants consisting of prison officials, members of the Board of Prison Commissioners, and several federal judges for events that took place while plaintiff was incarcerated at High Desert State Prison (HDSP) and Ely State Prison (ESP).[2] Plaintiff alleged 33 counts. Judge

---

[1] ECF 3 at 6.

[2] *Id.* at 3.

Jones noted that the complaint had been organized in a confusing manner, rarely identified dates of the alleged events, generally sued "defendants," and made conclusory allegations.[3] The judge granted plaintiff leave to amend to cure those deficiencies.[4]

On February 26, 2015, plaintiff filed an 186-page first amended complaint suing 86 defendants consisting of prison officials, members of the Board of Prison Commissioners, and several federal judges.[5] On July 7, 2015, I issued a screening order dismissing the first amended complaint in its entirety, without prejudice and with leave to amend, because the problems that resulted in the dismissal of the original complaint had not been fixed by the amended complaint.[6] The screening order directed plaintiff to file a second amended complaint that was short and plain and did not raise unrelated claims involving different defendants in a single action.[7] I directed plaintiff to file his second amended complaint by August 6, 2015, curing the deficiencies outlined in the screening order.[8] I warned him that if he did not timely file a second amended complaint, I would dismiss this case without prejudice.[9]

On July 20, 2015, plaintiff filed a motion for reconsideration and stated that he had "no intent to amend."[10] He argues that his first amended complaint did comply with the Court's February 11, 2015, screening order,[11] and he requests that I screen his first amended complaint "the right way" and

---

[3] *Id.* at 4.

[4] *Id.*

[5] *See* ECF 9-1, 9-2. Plaintiff appeared to add Judge Jones as a defendant after Judge Jones issued the screening order in this case dismissing the original complaint with leave to amend, and the case was transferred to the undersigned.

[6] ECF 15 at 3.

[7] *Id.* at 4–5.

[8] *Id.* at 6.

[9] *Id.*

[10] ECF 18 at 1.

[11] *Id.* at 1–2.

determine whether he states a claim.[12]

I deny plaintiff's motion for reconsideration. Plaintiff's first amended complaint suffers from the same deficiencies thoroughly described in my July 7, 2015, screening order, and "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled."[13] Plaintiff has simply not sustained his burden to demonstrate that reconsideration and reversal of my order is warranted.

**B.  Dismissal**

I dismiss this case without prejudice for failure to file a second amended complaint in compliance with my July 7, 2015 order. District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[14] A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[15] In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[16]

---

[12] *Id.* at 8.

[13] *See Brown v. Kinross Gold, U.S.A.*, 378 F. Supp.2d 1280, 1288 (D. Nev. 2005).

[14] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[15] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[16] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors—the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket—weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[17] The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, a court's warning to a plaintiff that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.[18] The July 7, 2015, order requiring plaintiff to file a second amended complaint within 30 days expressly warned: "If plaintiff fails to file a timely second amended complaint curing the deficiencies outlined in this order, this action will be dismissed without prejudice."[19] Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with the court's order to file a second amended complaint within 30 days. This case will be dismissed without prejudice.

C.   *In Forma Pauperis* Application [ECF 1]

The court has deferred decision on plaintiff's application for pauper status.[20] I now address it on its merits and grant it. I find that the information regarding plaintiff's financial status merits that I grant his application because it demonstrates that plaintiff is not able to pay an initial installment payment toward the full filing fee under 28 U.S.C. § 1915.[21] Plaintiff will, however, be required to make monthly payments toward the full $350 filing fee when he has funds available, even though this case is being dismissed.

---

[17] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[18] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[19] ECF 15 at 6.

[20] ECF 1, 3.

[21] This order granting *in forma pauperis* status does not extend to the issuance and/or service of subpoenas at government expense.

# Order

IT IS THEREFORE ORDERED that plaintiff's application to proceed *in forma pauperis* without having to prepay the full filing fee **[ECF 1] is GRANTED.** Plaintiff will not be required to pay an initial installment fee or give security therefor, **but he must continue to pay the full $350 filing fee** as required by 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, as funds are available, despite the dismissal of this case. To effectuate this payment, the Nevada Department of Corrections is directed to pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Joseph Antonetti, #80590** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk must send a copy of this order to the attention of **Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that plaintiff's motion for reconsideration **[ECF 18] is DENIED.**

IT IS FURTHER ORDERED that **THIS ACTION IS DISMISSED** without prejudice due to plaintiff's failure to file a second amended complaint as directed by this court's July 7, 2015, order. The Clerk of Court is directed to enter judgment accordingly and close this case.

Finally, **I certify** that any *in forma pauperis* appeal from this order would be taken "in good faith" as contemplated by 28 U.S.C. § 1915(a)(3), so plaintiff's motion for a certificate of appeal **[ECF 20] is DENIED** as moot.

DATED this 22nd day of October, 2015.

_____
Jennifer Dorsey
United States District Judge